**Benjamin MITCHELL, Jr.,**
Petitioner–Appellant,

v.

**C.O. COMACHO, G.R.V.C., Individual capacity; C.O. Robertson, G.R.V.C., Individual capacity; C.O. Benn, G.R.V.C., Individual capacity; Dietician Jane Doe, G.R.V.C., Individual capacity, Defendants–Appellees,**

**City of New York; Warden Robert Shaw, Individual capacity, Respondents–Appellees.**

No. 09–1882–pr.

United States Court of Appeals, Second Circuit.

March 12, 2010.

Benjamin Mitchell, Malone, NY, pro se.

PRESENT: DENNIS JACOBS, Chief Judge, WALKER, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Benjamin Mitchell, *pro se*, incarcerated, and proceeding *in forma pauperis*, appeals a judgment of the district court *sua sponte* dismissing his complaint without prejudice. Mitchell alleged constitutional violations and violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Dismissal was for failure to effect timely service upon the defendants, pursuant to Federal Rule of Civil Procedure 4(m). The district court adopted the report and recommendation of a magistrate judge, to which Mitchell filed no objections. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court has adopted the rule that failure to timely object to a magistrate judge's report and recommendation "may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile,* 121 F.3d 34, 38–39 (2d Cir.1997); *see also Wesolek v. Canadair Limited,* 838 F.2d 55, 58 (2d Cir. 1988); *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (holding that a Court of Appeals may adopt such a rule). While this rule, which applies to *pro se* litigants, is "a nonjurisdictional waiver provision whose violation we may excuse in the interests of justice," *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993), we have no basis for doing so here. None of Mitchell's arguments on appeal has substantial merit. *See Wesolek,* 838 F.2d at 58.

Since the district court dismissed the complaint without prejudice, Mitchell is

not barred from filing (and properly serving) a new complaint raising the same allegations—although we express no opinion on whether such a complaint would be barred by the statute of limitations or other grounds.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**